UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL WAKIL AMIRI,

    Plaintiff,

        v.

GELMAN MANAGEMENT COMPANY, *et al.*,

    Defendants.

Civil Action No. 08-1864 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or, alternatively, for summary judgment.[1] For the reasons discussed below, defendants' motion to dismiss will be granted.

### I. BACKGROUND

Plaintiff, a tenant in an apartment building in Washington, D.C. managed by Gelman Management Company ("Gelman"), brings this action against Gelman and Nicholas Pitsch, a Gelman employee. Generally, plaintiff alleges that defendants have (1) increased his rent in amounts and at intervals which violate the Rental Housing Act of 1985, *see* D.C. Code § 42-3501.01, *et seq.*, (2) refused to address numerous violations of the District of Columbia Housing Code, (3) harassed him by repeatedly initiating eviction actions in the Superior Court of the District of Columbia, Landlord and Tenant Branch, (4) otherwise retaliated against him for

---

[1] Plaintiff's Further Motion for Sanctions [Dkt. #30] is meritless and it will be denied.

-1-

complaining to city officials about these matters, and (5) discriminated against him on the basis of his national origin and race. *See generally* Am. Compl. at 1-9. Plaintiff demands compensatory and punitive damages. *Id.*

## II. DISCUSSION

Gelman moves to dismiss on the ground that the Court lacks subject matter jurisdiction. *See* Mem. in Supp. of Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Defs.' Mem.") at 1-8. According to Gelman, plaintiff establishes neither federal question jurisdiction nor diversity jurisdiction. *See id.* at 3.

"A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) presents a threshold challenge to the court's subject matter jurisdiction." *Sledge v. United States*, No. RWT 06cv742, 2010 WL 2745788, at *3 (D.D.C. July 13, 2010); *see Bell v. Hood*, 327 U.S. 678, 682 (1946). A complaint is subject to dismissal on jurisdictional grounds "when it 'is patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 701 (2d Cir. 2000) (quoting *Bell*, 327 U.S. at 682-83) ("Federal question jurisdiction exists whenever the complaint states a cause of action under federal law that is neither 'clearly . . . immaterial and made solely for the purpose of obtaining jurisdiction' nor 'wholly insubstantial and frivolous.'").

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Federal

district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 1331, and may have jurisdiction over state common law disputes that arise between citizens of different states where the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a).

In assessing whether a complaint sufficiently alleges subject matter jurisdiction, the Court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1249 (2009), and liberally construes the pleadings such that the plaintiff benefits from all inferences derived from the facts alleged, *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1249 (internal citations, quotation marks and brackets omitted); *see Dichter-Mad Family Partners, LLP v. United States*, No. CV 09-9061, 2010 WL 1632628, at *8 & n.10 (C.D. Cal. Apr. 20, 2010) (applying pleading standards set forth in *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to address sufficiency of plaintiff's allegations with respect to court's subject matter jurisdiction); *Sanchez v. United States*, No. 09-1260, 2010 WL 1626118, at *7 (D.P.R. Mar. 31, 2010) (same).

1. Plaintiff Does Not Establish Federal Question Jurisdiction

By alleging Gelman's violation of the Civil Rights Act of 1964, *see* Am. Compl. at 9, plaintiff presumably attempts to establish federal question jurisdiction under 28 U.S.C. § 1331. But plaintiff presents neither factual allegations nor any explanation of the basis for his claim, and it is unclear which provision of the Civil Rights Act, if any, might apply to his case. He

does not allege that Gelman has denied him access to a place of public accommodation in violation of 42 U.S.C. § 2000a, or excluded him from participation in or denied him the benefits of a federally assisted program in violation of 42 U.S.C. § 2000d, or otherwise denied him his civil rights.

If, for example, plaintiff intends to bring a claim under 42 U.S.C. § 1981, which guarantees to all persons within the United States "the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[,]" 42 U.S.C. § 1981(a), his claim fails because he has not alleged that Gelman purposefully discriminated against him because of his race. Here, plaintiff "merely invoke[s] his race in the course of a claim's narrative," but this does not "automatically . . . entitle[] [him] to pursue relief" under § 1981. *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990); *see Jaffree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (per curiam) (affirming dismissal of § 1981 claim which alleged in conclusory fashion that plaintiff's charges had not been investigated by the FBI because of his race); *Middlebrooks v. Godwin Corp.*, No. 09-02048, 2010 WL 2553612, at *4 (D.D.C. June 25, 2010) (dismissing § 1981 claim where "[t]he only suggestion that plaintiff's race or color played any role in her interactions with [defendants] are [her] conclusory statements that she was 'terminated . . . based on [her] race' and 'color'"); *McKnight v. Middleton*, No. 08-CV-3896, 2010 WL 1221431, at *18 (E.D.N.Y. Mar. 29, 2010) (dismissing claims under §§ 1981 and 1982 where plaintiff "failed to plead any non-speculative facts supporting an inference of racial animus, let alone intentional discrimination").

If plaintiff intends to bring this action under 42 U.S.C. § 1983, he fares no better. "To state a claim under [§ ] 1983, a plaintiff must allege both (1) that he was deprived of a right

secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) (noting "that § 1983 actions may be brought against state actors to enforce rights created by federal statutes as well as by the Constitution"). Nothing in the complaint suggests that Gelman is a state actor or acted in concert with the District of Columbia. Plaintiff, then, fails to state a claim under § 1983 upon which relief can be granted. *See Amiri v. Kelting*, 356 Fed. Appx. 423 (D.C. Cir. 2009) (affirming dismissal of complaint where plaintiff Amiri "alleged no conduct by a state actor within the purview of 42 U.S.C. § 1983"); *Md. Minority Contractors Ass'n v. Lunch*, 203 F.3d 821 (4th Cir. 2000) (table) (affirming dismissal of § 1983 claim against a private company where the complaint did not allege that the company was extensively regulated by the state or that the company otherwise was a state actor).

Plaintiff's bare assertions of discrimination are not sufficient to state a civil rights claim of any kind, and a single passing reference to the Civil Rights Act of 1964 cannot establish this Court's jurisdiction. *See, e.g., Morrow v. United States*, No. 09-555, 2010 WL 2724279, at *8 (D.D.C. July 12, 2010) (dismissing one count of complaint containing "the sort of 'formulaic recitation of elements of a cause of action' proscribed by the Supreme Court in *Twombly*"). This is simply not a federal civil rights action. What is left, instead, is a landlord and tenant dispute falling squarely within the jurisdiction of the District of Columbia courts. *See, e.g., Johnson v. Robinson*, 576 F.3d 522 (D.C. Cir. 2009) (per curiam) (affirming dismissal of complaint for lack of subject matter jurisdiction because it "is an outgrowth of a D.C. landlord-tenant dispute

between residents of the District" and because "it established neither federal question nor diversity of citizenship jurisdiction").

2. Plaintiff Does Not Establish Diversity Jurisdiction

Gelman "is a District of Columbia limited partnership with its principal place of business in the District of Columbia." Defs.' Mem. at 3; *see* Cert. Required by LCvR 7.1 of the Local Rules of the U.S. Dist. Court for the Dist. of Columbia [Dkt. #14]. Because plaintiff and Gelman both reside or conduct business in the District of Columbia, Gelman argues that "complete diversity does not exist between the parties," such that this Court is deprived of subject matter jurisdiction. *Id.* Plaintiff's opposition fails to address this argument, and the Court treats the matter as conceded. *See* LCvR 7(b); *Yelder v. Gates*, No. 09-1301, 2010 WL 2521718, at *2 (D.D.C. June 22, 2010); *Hoffman v. Dist. of Columbia*, 781 F. Supp. 2d 86, 94 (D.D.C. 2010).

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original), and therefore "diversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant," *id.* at 374. Absent a showing by plaintiff that either he or both defendants are not citizens of the District of Columbia, the amended complaint must be dismissed for lack of complete diversity. *Lewis v. Gov't of the Dist. of Columbia*, 534 F. Supp. 2d 20, 22 (D.D.C. 2008), *aff'd*, 296 Fed. Appx. 75 (D.C. Cir. 2008) (per curiam); *Bush v. Butler*, 521 F. Supp. 2d 63, 70-71 (D.D.C. 2007). Plaintiff has not made that showing.

3. The Court Declines to Exercise Supplemental Jurisdiction

Insofar as plaintiff brings common law tort claims or claims under District of Columbia

law, *see* Am. Compl. at 9, he relies on 28 U.S.C. § 1367 to establish supplemental jurisdiction. Under this provision, a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For these purposes, the District of Columbia is considered a state. *See* 28 U.S.C. § 1367(e).

"[A] federal court should consider and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Generally, a federal court "should decline the exercise of jurisdiction by dismissing the case without prejudice" where the federal claims are resolved early in the litigation leaving only state law claims. *Id.* (citation omitted). In light of plaintiff's failure to state a federal claim, the Court identifies no reason to retain jurisdiction over any remaining claims under District of Columbia law. *See Middlebrooks v. Godwin Corp.*, No. 09-02048, 2010 WL 2553612, at *8 (D.D.C. June 25, 2010); *Mesumbe v. Howard Univ.*, No. 09-1582, 2010 WL 1539816, at *5 (D.D.C. Apr. 19, 2010).

### 4. The Amended Complaint Fails to State a Claim Against Nicholas Pitsch

The sole mention of defendant Pitsch in plaintiff's amended complaint reads as follows:

> Nicholas Pitsch has been playing an ugly role in my discrimination who is a tool to cause injuries on [plaintiff] to be discriminated by various ways, so I want $5 million from him in compensatory and $2 million dollars in punitive damages totally $7 million dollars from him in my discrimination for rent increases unlawfully or my eviction due to discrimination unlawfully[.]

Am. Compl. at 9. In light of the Supreme Court's rulings in *Iqbal* and *Twombly*, it is apparent

-7-

that this pleading utterly fails to state a claim against defendant Pitsch, as it offers only a "naked assertion[] devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1249.

III. CONCLUSION

The vague and conclusory allegations of plaintiff's amended complaint establish neither federal question jurisdiction nor diversity jurisdiction as to defendant Gelman. Nor does plaintiff state a cognizable claim as against defendant Pitch. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim will be granted. An Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

DATE: August 19, 2010